IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY EWING | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1310-L |
| | § | |
| SHERIFF LUPE VALDEZ, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Jeremy Ewing, an inmate in the Dallas County Jail, against Sheriff Lupe Valdez, Dr. Kathryn Flanigan, and Captain Hunter. On July 24, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on September 8, 2006. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

Plaintiff alleges that he contracted Hepatitis B due to unsanitary conditions at the Dallas County Jail and that he has been denied medical treatment for that disease. Although plaintiff wrote several letters to Sheriff Lupe Valdez and the jail commander, Captain Hunter, complaining of the conditions of his confinement and the delay in receiving medical care, he contends that jail officials ignored his complaints "with deliberate indifference which violated my constitutional and civil rights and caused me to suffer cruel and unusual punishment." (Plf. Compl., Attach. at 2). Plaintiff also accuses Dr. Kathryn Flanigan of failing to properly treat him for Hepatitis B. By this suit, plaintiff seeks damages totaling $200,000 and injunctive relief.

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1) is frivolous or malicious;
>
> (2) fails to state a claim upon which relief can be granted; or
>
> (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *see also Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). The Supreme Court recently clarified that a prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006).

The Dallas County Jail currently provides a two-step procedure for presenting inmate grievances. The first step requires the inmate to submit a grievance to any staff member. After noting the date and time the grievance is received, the staff member delivers the grievance to the on-duty shift supervisor who, in turn, forwards it to the Grievance Board for review. Upon receipt of a written decision from the Grievance Board, the inmate has five days to submit a written appeal to the Inmate Grievance Appeal Board. The Appeal Board reviews all documents submitted in connection with the appeal and issues a decision, which may be reviewed by the Sheriff. An inmate

must pursue his grievance at both steps in order to exhaust his administrative remedies. *See Medrano v. Dallas County Jail Medical Staff*, No. 3-04-CV-1913-M, 2005 WL 106573 at *2 (N.D. Tex. Jan. 18, 2005), *rec. adopted*, 2005 WL 877925 (N.D. Tex. Apr. 14, 2005), *citing Burnett v. Robertson*, No. 3-01-CV-1284-P, 2001 WL 1577495 at *2 (N.D. Tex. Dec. 7, 2001).

B.

As part of his interrogatory answers, plaintiff attaches an "exact copy" of the Step 1 grievance he sent to jail officials. (*See* Interrog. #1).[1] Plaintiff explains that he "ha[s] not yet received a response [to the grievance], but am still waiting and expecting one, and will immediately notify the court, and send proper paperwork associated with the grievance proceedings." (*Id.*). It is clear from this interrogatory answer that plaintiff has not received a written decision from the Grievance Board or appealed any such decision to the Grievance Appeal Board. Because plaintiff has not exhausted his administrative remedies in accordance with the grievance procedures established by the Dallas County Jail, his claims must be dismissed with prejudice. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1809 (1999) (dismissal with prejudice appropriate where inmate seeks "federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures"); *Moore v. Valdez*, No. 3-06-CV-1116-K, 2006 WL 2215978 at *2 (N.D. Tex. Aug. 2, 2006) (Kaplan, J.) (same as to inmate's claims against Dallas County Jail).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Although the grievance is not dated, it appears to have been submitted sometime after June 6, 2006-- the date plaintiff was diagnosed with Hepatitis B. (*See* Interrog. #1 & 2(b)).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 12, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE