IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEREMY EWING**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1310-L** |
| | § | |
| **SHERIFF LUPE VALDEZ, et. al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

This is a *pro se* civil rights action brought by Jeremy Ewing, an inmate at the Dallas County Jail. Pursuant to 28 U.S.C. § 636(b) and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On July 24, 2006, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed, to which no objections were filed. The magistrate judge found that the complaint should be summarily dismissed with prejudice for failure to exhaust administrative remedies. After making an independent review of the pleadings, file and record in this case and the magistrate judge's Report, the court determines that the findings and conclusions of the magistrate judge are correct but that the dismissal of his claim should be without prejudice.

Ewing alleges that he contracted Hepatitis B during his confinement at the Dallas County jail, and that Defendants failed to provide him timely medical treatment. Under the Prison Litigation Reform Act, which governs this action, no civil rights action concerning prison conditions may be brought "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The Dallas

**Order – Page 1**

County Jail requires a two-step grievance procedure, including an appeal to the Grievance Appeal Board upon receipt of a written decision from the Grievance Board. Ewing has submitted a grievance for review, but has not yet received a decision from the Grievance Board, nor has he appealed to the Grievance Appeal Board. Thus, the magistrate judge has correctly concluded that this complaint should be dismissed for failing to exhaust administrative remedies. The decision to dismiss an action filed *in forma pauperis* with or without prejudice, however, is within the discretion of the court. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (holding that the trial court did not abuse its discretion for dismissing Plaintiff's §1983 action for failure to exhaust administrative remedies). Thus, the magistrate judge's findings are **accepted** as those of the court; however, the court in its discretion determines that this action should be dismissed without prejudice. Accordingly, the court **dismisses this action without prejudice** for failure to exhaust administrative remedies.

    **It is so ordered** this 29th day of September, 2006.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge